IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                            )<br>               Plaintiff,                        )<br>                                                            )<br>   vs.                                                   )<br>                                                            )<br> DANIEL ESPINOZA,                         )<br>                                                            )<br>               Defendant.                     ) | Case No. 8:12CR311<br><br><br>ORDER |

   This case is before the court on the defendant's Motion to Disclose Confidential Sources and Informants (#283) and the Motion to Sever Indictment and Defendant Daniel Espinoza (#286).

### Motion to Disclose Confidential Sources and Informants

   The defendant Daniel Espinoza has moved the court for an order compelling the government to disclose the identities of confidential sources and informants it intends to use in its case in chief against the defendant.  The government has filed a Response to Disclose Confidential Informants (#310) wherein the government confesses it has and will continue to provide information regarding confidential informants in the case.  Specifically, the pleading admits the United States will identify the confidential source names relating to the numbers used as references in the Rule 16 reports.

   I, therefore, find the defendant's Motion to Disclose Confidential Sources (#283) is granted as confessed by the government.

### Motion to Sever Indictment

   The defendant, Daniel Espinoza, is charged with numerous other defendants with conspiracy to distribute oxycodone (#1). He moves the court for an order pursuant to Fed.R.Crim.P. 14 severing the trial of the defendant from the indicted co-defendants.  The defendant argues that severance is necessary based upon a serious risk of prejudice to the defendant in that a jury would be unable to make reliable judgment about his individual innocence as a result of casual acquaintance or mere association with one or more of his co-defendants.   The defendant also alleges that there is no direct or circumstantial evidence that he ever engaged in any illegal criminal activity as set forth in the indictment.

Joinder of multiple defendants is proper under Fed.R.Crim.P. 8(b), when two or more defendants are charged in the same indictment or information alleging to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together, or separately, and all of the defendants need not be charged in each count.

Under Rule 8(b), the joinder of Espinoza and his co-defendants is proper as the indictment charges them with conspiracy and possession with intent to distribute oxycodone.

The analysis of the motion then turns to the question of prejudicial joinder under Rule 14. The rule allows the court to sever defendants for trial or to sever counts as the result of prejudicial joinder of defendants in an indictment which is otherwise proper under Rule 8. Under Rule 14 the defendant must show the joinder is so prejudicial that it outweighs the interest of judicial economy and efficiency which result from joint trials.

The general rule of this circuit is that persons jointly indicted on similar evidence for the same or related events should be tried together. United v. Jones, 16 F.3d 275, 279 (8th Cir. 1994).

Espinoza's concern about the comparison of the volume of evidence that may be admitted against his alleged co-conspirators and the evidence specifically involving his participation in the alleged conspiracy, is not a valid basis for finding prejudicial joinder under Rule 14 as "disparity in the weight of the evidence as between two parties does not entitle one to severance .... Neither does limited involvement in a conspiracy warrant severance." United States v. Pencina, 196 F.2d 186, 188 (8th Cir. 1992). In any conspiracy the evidence of each participant's alleged involvement varies--such is the name of conspiracy.

In this indictment, both Espinoza and his co-defendants are charged with conspiracy over an identical time frame. Judicial economy justifies the reliance on the jury to follow the instructions of the court that separate the evidence and limits the applicability of the evidence to each defendant. Severance in this case is not appropriate as the defendants are charged with conspiracy based upon similar evidence from related events and the

record fails to establish the existence of any prejudice to Espinoza that is not outweighed by the court's concern for judicial economy.

**IT IS ORDERED:**

1. Defendant Espinoza's Motion to Disclose Confidential Sources and Informants (#285) is granted as confessed by the government.

2. Defendant Espinoza's Motion to Sever Indictment (#286) is denied.

A party may object to the magistrate judge's order by filing an "Statement of Objections to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

Dated this 14th day of March 2013.

BY THE COURT:

s/ F.A. Gossett, III
United States Magistrate Judge